UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANYTIME FITNESS, LLC, a Minnesota limited liability company, | Case No. 15-CV-0615 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY PARR, an individual; and FIT LIFE, INC., a Georgia corporation, | |
| Defendants. | |

James M. Susag and R. Henry Pfutzenreuter, LARKIN HOFFMAN DALY & LINDGREN LTD., for plaintiff.

This matter is before the Court on plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55. The Court held a hearing on plaintiff's motion on October 19, 2015. Defendants did not appear.

Based on all of the files, records, and proceedings herein, and for the reasons stated on the record at the October 19 hearing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for a default judgment [ECF No. 24] is GRANTED as to Counts I, VII, and VIII of plaintiff's complaint.

2. For a period of two years from the date on which defendant Jeffrey Parr ceases to violate this paragraph's restrictions, Parr is enjoined from directly or indirectly, on his own account or as an employee, consultant, partner, officer, director, shareholder, lender, or joint venturer of any

   other person, firm, entity, partnership, corporation, or company, owning, operating, leasing, franchising, conducting, engaging in, being connected with, or having any interest in or assisting any person or entity engaged in any fitness center within a three-mile radius of 322 Main Street, Blackshear, Georgia 31516 ("the Protected Territory"), or within a twenty-mile radius of any ANYTIME FITNESS® center, wherever located, whether within the Protected Territory or elsewhere; provided, however, that in cities having a population of more than 50,000 persons, the foregoing twenty-mile-radius restriction will be limited to a radius of five miles from any Anytime Fitness center. Jeffrey Parr is specifically enjoined from having any direct or indirect interest or involvement in the Fit Life fitness center operating at 320 Pendleton Street, Waycross, Georgia.

3. Jeffrey Parr is enjoined from using or divulging, without plaintiff's authorization, plaintiff's confidential or proprietary materials including, but not limited to, all manuals, supplier lists, pricing recommendations, electronic access equipment, software, and membership agreement forms. Parr must return all plaintiff's confidential and proprietary materials to plaintiff within five days of the date of this Order.

4. Jeffrey Parr shall provide proof to plaintiff's counsel of all steps taken pursuant to this Order within fourteen days of the date of this Order.

5. Jeffrey Parr is liable to plaintiff in the amount of $5,383.46 in attorneys' fees.

6. Counts II-VI of plaintiff's complaint are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  October 20, 2015            s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge